NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ITCHE CORP., : | **Hon. Dennis M. Cavanaugh** |
| : | |
| Plaintiff, : | **OPINION** |
| : | |
| v. : | Civil Action No. 08-CV-3103 (DMC) |
| : | |
| G.E.S. BAKERY, INC., : | |
| : | |
| Defendant. : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

  Itche Corp. ("Itche") has sued G.E.S. Bakery, Inc. ("G.E.S.") for breach of contract, alleging that G.E.S. accepted packaging materials and related goods from Itche over a four-year period but failed to remit the agreed upon price. Currently before the Court is Defendant's motion to vacate the entry of default entered against G.E.S. and to transfer venue to the Eastern District of New York. For the reasons set forth below, the Defendant's motion to vacate is **granted**, and Defendant's motion to transfer venue is **denied**.

**I. BACKGROUND**[1]

  A. *Factual Background*

  Itche is a New Jersey corporation that supplies packaging materials and related goods to businesses in the food services industry. G.E.S. is a wholesale and retail bakery with two

---

[1] The facts set forth in this Opinion are taken from the Parties' statements in their respective moving papers.

locations in New York.  G.E.S. has contracted with Jeffrey Steiner, currently the president of Itche, over a period of years to purchase paper items for its bakery.  Prior to June 2006, G.E.S. dealt with Mr. Steiner as a representative of I. Feit Paper Co., a New York-based paper products company that supplied packaging materials to G.E.S.  I. Feit ceased operations in June 2006, however, and G.E.S.'s business apparently followed Mr. Steiner to Itche in New Jersey.

Itche now claims that G.E.S. owes it more than $758,000 in unpaid contractual fees and accrued interest dating back to 2004.  G.E.S. argues that Itche agreed to reduce invoice amounts because of alleged over-billing, and that any alleged under-payments are in accord with the modified agreement.  Accordingly, G.E.S. argues that it does not owe Itche any money and that the agreement has been paid in full.

      B.    *Procedural History*

Itche filed a Complaint against G.E.S. on June 23, 2008, alleging breach of contract and seeking a sum certain.  G.E.S. was served on June 25, with the Answer due by July 15.  G.E.S. failed to respond within the deadline, and the Clerk of the Court filed an entry of default on July 16.  Itche moved for a default judgment on July 18.  Counsel for G.E.S. filed a Notice of Appearance on July 21, along with the present motion to vacate the entry of default and transfer venue to the Eastern District of New York.

**II.**    **DISCUSSION**

      A.    *Motion to Set Aside Entry of Default*

On July 16, 2008, default was entered by the Clerk against G.E.S.  The Defendant has moved to set aside that entry of default pursuant to Federal Rule of Civil Procedure 55(c).  For

the reasons below, the Court will set aside the entry of default.

The Third Circuit generally disfavors defaults and will resolve doubts "in favor of setting aside the default and obtaining a decision on the merits." Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982). Under Rule 55(c), a court may set aside an entry of default for good cause. In making this determination, Courts consider whether the plaintiff will be prejudiced, whether the defendant has a meritorious defense, and whether the default was the result of the defendant's culpable conduct. United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194–95 (3d Cir. 1984).

First, it does not appear that Itche will be prejudiced by setting aside the default. Delay in realizing satisfaction or the fact that the plaintiff will have to prove its case on the merits are rarely sufficient to prevent a court from opening up a default. See Feliciano v. Reliant Tooling Co., 691 F.2d 653, 656–57 (3d Cir. 1982). Rather, prejudice will be found only where there has been a "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." Id. at 657. In this case, no evidence has been presented suggesting that setting aside the default will in any way hinder Itche's pursuit of its claims.

Second, it appears that G.E.S. has alleged a meritorious defense to support setting aside the default. A meritorious defense is established when "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." See U.S. Currency, 728 F.2d at 195. In this case, G.E.S. has raised the defenses of satisfaction and, alternatively, accord and satisfaction, alleging that it paid in full the agreed upon price. While the Court expresses no view on the legal merits of G.E.S.'s claim, it appears to be a facially valid defense that warrants

setting aside the default entry.

Finally, the Court finds that G.E.S. was not culpable in failing to respond in a timely manner. The Third Circuit requires more than "mere negligence" to satisfy the culpable conduct standard. See Hritz v. Woma Corp., 732 F.2d 1178, 1183 (3d Cir. 1984). Rather, the defendant must have acted with "willfulness" or "bad faith" in failing to timely respond. Id. at 1182. Here, nothing in the record indicates that G.E.S.'s conduct in allowing the default was "willful or in bad faith." See Farnese, 687 F.2d at 764. Instead, it appears that G.E.S. was delayed by its efforts to retain local counsel, and that it requested an extension from Itche only one day after the filing deadline. Accordingly, the Court finds that the Defendant has shown good cause to set aside the entry of default.

    B.    *Motion to Transfer Venue to the Eastern District of New York*

The Defendant argues that venue in the District of New Jersey is improper and moves to transfer venue to the Eastern District of New York under 28 U.S.C. § 1404(a). For the reasons set forth below, Defendant's motion to transfer venue is denied.

    a.    <u>Venue is proper in both New Jersey and New York.</u>

Both the District of New Jersey and the Eastern District of New York are proper venues under 28 U.S.C. § 1391(a)(2). Section 1391(a)(2) permits venue in any judicial district where "a substantial part of the events or omissions giving rise to the claim occurred." Implicit within this statutory language is that there may exist more than one judicial district bearing a "substantial" relationship to the events underlying the claim. See Judicial Improvements Act, Pub. L. No. 101-650, § 311, 104 Stat. 5089 (1990) (expanding Section 1391 from allowing venue only in the

4

judicial district where "the claim arose" to any judicial district where "a substantial part of the events . . . occurred").

In this case, both the District of New Jersey and the Eastern District of New York satisfy the venue substantiality standard. New Jersey is the home of Itche Corp. It is where Itche received customer calls from G.E.S., sent out its billing statements, and housed and transported its packaging products. These activities constitute a "substantial part" of the events giving rise to the breach of contract claim at hand.

By comparison, however, the Eastern District of New York is the home of G.E.S. Bakery. It is the place where G.E.S. placed its orders with Itche, received shipments, and made payments. New York is also the home of I. Feit Paper Co., a company apparently related to Itche, with whom G.E.S. conducted its relevant business prior to July 2006. These facts demonstrate that a "substantial part" of the events underlying the claim also occurred in New York and make the Eastern District an appropriate venue as well.

      b.     <u>Defendant's motion to transfer venue is denied.</u>

Although both forums are proper, venue in this case will remain in the District of New Jersey. Section 1404(a) empowers a district court to transfer a case to any other district where venue is proper "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). The statute exists "to prevent the waste of 'time, energy, and money' and to 'protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 616 (1964) (quoting <u>Continental Grain Co. v. Barge FBL-585</u>, 364 U.S. 19, 26–27 (1960)).

As a general matter, plaintiff's choice of forum is given great weight in a Section 1404(a) analysis. See Lony v. E.I. DuPont de Nemours & Co., 886 F.2d 628, 633 (3d Cir. 1989). A plaintiff's choice of forum should "not be lightly disturbed," unless the balance of the factors strongly favor of the defendant. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). The moving party bears the burden of showing by "something more than a mere preponderance of the evidence" that the balance of conveniences weighs "strongly in favor" of transfer to a more convenient forum. Sandvik, Inc. v. Continental Ins. Co., 724 F. Supp. 303, 307 (D.N.J. 1989).

Despite the presumption, courts have broad discretion to transfer an action under the statute, and are not limited in their consideration to the factors enumerated in Section 1404(a). See Plum Tree, Inc. v. Stockroent, 488 F.2d 754, 756 (3d Cir. 1973); Sandvik, 724 F. Supp. at 307. Rather, courts may consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara, 55 F.3d at 879. To that end, the Third Circuit has provided a list of six private and five public interest factors to help in this determination. The private interest factors include: (1) plaintiff's forum preference; (2) defendant's forum preference; (3) whether the claim arose elsewhere; (4) convenience of the parties as indicated by their relative physical and financial condition; (5) convenience of the witnesses; and (6) the location of books and records. Id. The public interest factors include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora from court congestion; (4)

the local interest in deciding controversies; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law.  See id. at 879–80.

      In this case, G.E.S. has failed to show that the balance of conveniences or the interests of justice weigh "strongly in favor" of transferring venue to the Eastern District of New York. G.E.S. argues that New York is the more convenient forum because it is located in New York, its files, documents and records are in New York, its witnesses are in New York, all deliveries under the contract were made in New York, and it received invoices from Itche in New York.  But the same statements can be made on behalf of Itche for keeping venue in New Jersey.  Similar to the relationship between G.E.S. and New York, Itche is located in New Jersey, keeps it records in New Jersey, presumably has its witnesses in New Jersey, stores and ships its products from New Jersey, and sends its invoices from New Jersey.  Furthermore, none of the public factors enunciated by the Third Circuit appear to tilt towards one side or the other.  See id.  As a result, and particularly in light of the presumption in favor of a plaintiff's choice of forum, the Court finds that G.E.S. has failed to show that the balance of conveniences favor a transfer.

      G.E.S. also argues, however, that venue should be transferred to New York because virtually all contractual activities during the first two and a half years of the relevant four-year time period occurred in New York when G.E.S. dealt only with I. Feit Paper Co., a New York company.  While apparently correct, this fact has little bearing on the public and private interest factors laid out by the Third Circuit, which tend to highlight contemporary rather than past considerations.  Convenience factors such as the location of the parties and witnesses, for example, are more concerned with the practicality of forcing such participants to travel and

appear in a distant forum, rather than whether or not those participants have some historical connection to the district.  Similarly, the Court is unpersuaded that this change in contractual relationship requires a transfer in line with the "interests of justice."  G.E.S. has apparently dealt with Itche Corp., with operations based in New Jersey, since June 2006.  The ensuing period provided ample time for G.E.S. to determine whether or not it wanted to contract with a New Jersey corporation.

In the end, G.E.S. has failed to satisfy its burden and show that the litigation would be more convenient and the interests of justice better served by a transfer to the Eastern District of New York.  As such, the Defendant's motion to transfer venue is denied.

**III.    CONCLUSION**

For the reasons stated, it is the finding of this Court that Defendant's motion to vacate entry of default is **granted**, and Defendant's motion to transfer venue is **denied**.  An appropriate Order accompanies this Opinion.

  S/ Dennis M. Cavanaugh  
Dennis M. Cavanaugh, U.S.D.J.

Date:        September   23  , 2008  
Orig.:        Clerk  
cc:            All Counsel of Record  
           Hon. Mark Falk, U.S.M.J.  
           File